By the Court.(a)
As the plaintiff claimed to recover on the *68 ground exclusively that Thomas, the contractor, had not agree,d to arbitrate pursuant to the statute, the actual state of the accounts between him and Thomas, was of no importance. If the plaintiff proved that ground, the statute fixed the defendant’s liability, without any regard to the actual indebtedness.
The only other question in the case is on the instruction to the jury, that the statute creating the lien required the agreement to arbitrate to he in wilting. We think, on consideration, that this interpretation is correct. The contractor is to he the actor in the effort to adjust or arbitrate. This follows from his disputing the claim, of which the lien creditor is not otherwise informed, and from the necessity that one or the other shall be done within a limited time, at his peril. After failing to adjust amicably, he was to do all he could towards arbitrating; and he was to do it in. such a mode as to protect the owner of the building in paying the contract price to him, in case the plaintiff asserting the lien should not unite in the arbitration. A verbal offer to arbitrate is not such a protection. We think the statute never intended that the right of the lien creditor on the one hand, of the contractor on the other, and of the owner, uncertain to whom he owed the obligation, should depend upon the recollection of an *69 offer so liable to be either misunderstood, imperfectly remembered, or designedly perverted. Every other thing required is to be in writing; the account, the claim, copies thereof, the notices, and the award. We suppose the omission to express that the agreement should be in writing, was either because it was deemed to follow from the requirements just alluded to, or because the revised statutes already provided lor written arbitrations. However that may be, we think a sound construction of the act requires that the contractor shall tender to the lien creditor, a written agreement to submit the matter to arbitration, if he dispute the claim and it cannot be amicably adjusted.
Judgment at the special term affirmed.

 The illness of Sandford, J., to whom it was assigned to deliver the opinion of the court, prevented his drawing it up iti form, and at the close of the June Term, the decision was announced in the brief manner here stated.
The provisions of the act of 1830, which came in question, are as follows:— (Laws of 1830, p. 412.)
§ 1. Every mechanic, workman, or other person, doing or performing any work towards the erection, construction, or finishing of any building in the city of New York, erected under a contract in writing between the owner and builder, or other person, whether such work shall be performed as journeyman, laborer, cartmcn, subcontractor, or otherwise, and whose demands for work and labor done and performed towards the erection of such buildings has not been paid and satisfied, may deliver to the owner óf such building an attested account of the amount and value of the work and labor thus performed and remaining unpaid; and thereupon such owner shall retain, out of his subsequent payments to the contractor, the amount of such work and labor, for the benefit of the person so performing the same.
§ 2. Whenever any account of labor performed on. a building erected" under a contract, in writing, as aforesaid, shall be placed in the hands of the owner of such *68 building, or his authorized agent, it shall be the duty of such owner or agent to furnish his contractor with a copy of such papers, in order that if there shall be any disagreement between such contractor and his creditor, they may, by amicable adjustment between themselves, or by arbitration, ascertain the true sum due; and if the contractor shall not, within ten days after the receipt of such papers, give the owner written notice that he intends to dispute the claim ; or if, in ten days after giving such notice, he shall refuse or neglect to have the matter adjusted as aforesaid, he shall be considered as assenting to the demand, and the owner shall pay the same when it becomes due.
§ 3. If any such contractor shall dispute the claim of his journeymen, or other persons, for work and labor performed as aforesaid, and if the matter cannot be adjusted amicably between themselves, it shall be submitted, on the agreement of the parties, to the arbitrament of three disinterested persons, one to be chosen by each of the parties, and one by the two thus chosen; and the decision in writing, of such three persons, or any two of them, shall be final and conclusive in the case submitted.
The fourth section gives to the lien creditor an action against the owner, on the contractor failing to pay the amount ascertained, &c. The act of 1832 extended the lien to materials furnished and used in erecting buildings.