Sullivan v. Decker.

---

### John Sullivan *v.* William J. Decker and another.

In proceedings to foreclose a lien, under the act for the better security of mechanics, &c., passed July 11, 1851, the court has power to add parties, if their presence is necessary to enable the court to do complete justice. Ingraham, First J., dissenting.

A prior lien holder is not a necessary party, unless the plaintiff seeks to impeach or set aside his lien, or claims a higher equity.

Where the plaintiff is a sub-contractor, or laborer, or vendor of the contractor, and claims for money which he alleges to be due to him from the contractor, the latter is a proper party to the foreclosure, and will be ordered by the court to be brought in, on the defendant's application, upon proper notice. (a) Ingraham, First J., dissenting.

The application may be made, on the appearance of the parties in court pursuant to the notice to appear, and on due notice of an intention to apply for the order; without waiting until the issue is joined between the owner and claimant.

The contractor may be made a party by an order of the court and the service thereof, with a copy of the complaint, and a summons to answer, *simul cum, &c.*

*Quere.* Whether the law would not be unconstitutional and void, if its administration

---

(a) See *Foster* v. *Skidmore, post.*

had not been committed to the court, with power to call in the contractors as parties, as a law by which the contractors' property is taken from them without notice, and without " due process of law ?"

The proceeding is for the " *enforcement of a lien*," and to " bring it to a close." This lien is limited on the one hand, by the " extent of the owner's interest in the building," and on the other, by the *amount due to the claimant*, and is further limited, as this court has repeatedly held, by the amount due from the owner to the contractor, upon his contract.

Upon the appearance of the parties, the proceeding is subjected to the control of the court, to as full an extent as the court has such control over other actions of a like nature.

GENERAL TERM, FEBRUARY, 1854.

THE points raised in this case, which was a proceeding under the mechanics' lien law of 1851, are fully stated in the opinion of WOODRUFF, J. The following is the order entered at special term, and from which the defendants appealed:

" At special term," &c.   " On reading and filing notice for the defendants (owners) to appear and submit to an accounting of the amount due, with proof of service, and other papers, and also on reading and filing notice of set off served by the defendants, and notice of motion that Richard Bulwinkle, and Thomas Pullis, and William Payne, therein named, be parties defendants or plaintiffs, and it appearing that said Pullis and Payne are the contractors, and said Bulwinkle has filed the first lien, and said plaintiff the second lien ; and on hearing S. V. Bagley, Esq., on the part of the plaintiff, and Wm. C. Hornfanger, Esq., on the part of said Bulwinkle, and Albert Mathews, Esq., on the part of said defendants, Decker and Brown : now, on motion of S. V. Bagley, Esq., it is ordered that the said John Sullivan, plaintiff herein, and William J. Decker and Charles Brown, defendants herein, now join issue upon the said claim of the plaintiff ; and that the said plaintiff, within twenty days, serve on the attorney of the defendants a copy complaint, and that said defendants have twenty days from such service to answer said complaint, if so advised. " And it is further ordered, that the application that the said Bulwinkle and the said Pullis and Payne be made parties, be, and the same is hereby denied."

*Albert Mathews*, for the defendants.

*Wm. C. Hornfanger*, for the prior lien holder.

*Sargeant V. Bagley*, for the plaintiff.

By the Court. Woodruff, J.—This is a proceeding under the "act for the better security of mechanics" and others in the city of New York, passed July 11, 1851, instituted by the plaintiff, as sub-contractor, (furnishing materials, &c.,) against the defendants, as *owners* of a building in the said city, for the erection of which building, Thomas Pullis and William A. Payne are the contractors with the defendants.

The plaintiff having filed the notice necessary to secure a lien upon the interest of the owners in the building, served the further notice upon the owners requiring them to appear in this court, and a bill of the particulars of his claim; and the owners thereupon served a bill of the particulars of their set off, consisting of payments made to the contractors, and for their use, and items which they claimed to recoup for damages for delay, inferiority of work, &c., and specified, also, several claims filed by other parties to create liens under the statute, one of which, in favor of Richard Bulwinkle, is prior in date to the lien of the plaintiff. And thereupon, before joining issue, the defendants move that the contractors, (Pullis and Payne,) who are primarily liable for the payment of whatever sum is due to the plaintiff, be made parties to the suit, and also that Bulwinkle, whose lien is prior in time to that of the plaintiff, be also made a party. This motion was denied at special term, and the parties were directed to join issue without any other parties. From the denial of the motion, the defendants appeal to the general term.

The consideration of the appeal involves several inquiries:

1st. Have the court the power to add other parties, if their presence seems necessary?

2d. Are prior lien holders necessary parties?

3d. Are the contractors necessary parties in a case like the

present, where the claim is made by a sub-contractor, a person furnishing work and materials to the contractors, and who alleges that such contractors are indebted to him therefor.

*4th.* In what mode and at what stage of the proceeding may the objection be raised, and the order to bring in other parties made?

*5th.* And, if at all, then how shall the parties be brought in?

*First.* Have the court the power to add other parties, if their presence seems necessary?

The statute does not, in explicit terms, treat of the exercise of any such power; nor, on the other hand, is there any thing in its provisions which forbids its exercise if the ends of justice require it. But the nature of the proceeding which the statute contemplates, and the very general manner in which the administration of the statute is committed to the court, leave upon my mind no doubt that the power is ample for this purpose.

The proceeding is for the "*enforcement of a lien*" and to "bring it to a close." This lien is limited on the one hand, by the "extent of the owner's interest in the building," and on the other, by the *amount due to the claimant ;* and is further limited, as we have repeatedly held, by the amount due from the owner to the contractor upon his contract. Where the contractor himself files his claim and obtains a lien, there can be no question regarding proper parties, for there the amount due *to him* and the amount due *from the owner* are identical. But where the creditor of the contractor seeks to enforce a lien, the amount due *from the contractor* to such creditor is not necessarily the measure of the lien to be enforced, for so much *may* not be due from the owner. Nor is the amount due *from the owner* to the contractor, such measure, for so much *may* not be due to the claimant. Conflicting questions at once arise affecting the owner, the contractors, and the claimant, directly, and which, *ex necessitate*, must control the judgment which the court shall give.

Obviously, then, there are cases in which there can be no

occasion to add parties, because the only persons to be affected are the claimant and owner, both before the court. And there may be cases in which no judgment can be given without involving interests of the claimant, the contractor, and the owner, in particulars in which each may conflict with the other. The claimant may aver that his whole claim is due, and that the owner owes the contractor an amount sufficient to pay him. The owner may say, that however much is due to the claimant, little or nothing is due by himself to the contractor ; while the contractor might aver that a large sum is due to *him* from the *owner*, but the *claimant* is entitled to nothing.

In this state of the possible questions which the proceeding to enforce the lien may give rise to, and which may involve other questions of the like conflicting nature, the statute provides, that on the appearance of the parties, the issues shall be joined, and shall be governed, tried, and judgment thereon enforced, in all respects in the same manner as upon issues joined and judgments rendered in other civil actions for the recovery of moneys in said court.

To my mind, this provision clearly subjects the proceeding, upon the appearance of the parties, to the control of the court, to as full an extent as the court have such control over other actions of a like nature, and makes the general power of the court to add parties, and especially the provisions of § 122 of the code of procedure, distinctly applicable. That section provides, that where a controversy cannot be determined between the parties before the court, without prejudice to the rights of others, the court *must* cause them to be brought in.

Whether the contractor can be in any manner bound by the proceedings, if not made a party ? Whether the law itself is not unconstitutional, so far as it seeks to affect the rights of the contractor, if there be no power to make him a party, with an opportunity to come in and contest the plaintiff's claim to *his money* in the owner's hands ? And whether it is not the duty of the court to give to the statute a construction which, while it secures all the beneficial purposes had in view by the legis-

lature, does, at the same time, complete justice to all who may be affected by its provisions? are questions which bear on the inquiry, what power the court may exercise in adding parties, and these questions will be more fully considered in the further discussion of the points raised on the appeal, and they lead my mind, in connection with what is above suggested, to the fullest conviction, that the court may cause any parties to be brought in whose presence seems necessary.

*Second.*—The defendant in this case moved that Richard Bulwinkle, a lien holder, whose lien was prior in time to that of the plaintiff, (it being first filed,) be made a party, and this branch of the motion raises the second question, viz., whether prior lien holders are necessary parties?

That question was recently considered by me at special term, in the case of *Kaylor, et al.* v. *O'Connor,* (April 14th, 1853,) (a) though not the precise question then before the court. The views, however, which governed the decision in that case, seemed to me to be conclusive on the question. The plaintiff is not bound to contest the validity of such prior lien. If he wishes to do so, he must make such prior lien holder a party, and set up the grounds of his impeachment. If he does not, he is to be taken to admit the validity and amount of the prior lien, and his own claim will be taken to be subordinate to the other. And in the inquiry whether any thing, and how much, is due from the *owner,* such prior lien must be taken into view as a sum to be first paid out of the fund in his hands. The reasoning more fully exhibited in the case above referred to, at special term, may be taken as my opinion on this branch of the appeal, and I think, therefore, that the motion below, so far as relates to the prior lien holder, (Bulwinkle,) was rightly denied.

The *Third* presents the main question raised by the appeal. Indeed, if it be held that the contractors are not necessary

---

(a) *Ante,* p. 672.

parties to the proceeding in any case, except when they are themselves plaintiffs prosecuting their own lien, the other questions are of no moment. I have no doubt heretofore intimated, that where the claim is filed by a sub-contractor, laborer, or other employee of the contractors, the latter, being primarily liable, have a clear legal, as well as equitable, interest in the question, whether the plaintiff shall take their money from the owner's hands, and if so, how much.

By whatever name this proceeding be called, it proceeds in such case entirely upon the idea, that the owner holds in his hands money which belongs to the contractors; and it seeks to take that money from the owner and give it to the plaintiff, upon his claim that it is due to him from the contractors. The money is the contractors' property in the owner's hands. Their title to it exists independently of the statute in question: it is theirs by the terms of their contract with the owner. Their right to be made parties to any proceeding which deprives them of that money, rests upon a very different footing from the title of those who claim, *by virtue* of the statute, to have liens either prior or subsequent to the plaintiff. *The latter* have no rights except such lien as the statute gives them, and if, by the proper construction of the statute, lien holders take priority in order of the time of filing their claims, and the claims first filed exhaust the funds before the last filed are reached, no right, existing independently of the statute, is lost; each lien holder obtains all that the legislature intended to give him, and he loses no claim or advantage which he would have, if the statute had not passed. There is, therefore, no occasion to make them parties, unless for the purpose of *directly impeaching* the validity of their liens, or establishing a higher equity. (See this subject more fully discussed in *Kaylor* v. *O'Connor*, above referred to.)

But in respect to the contractors, the case is widely different. The fund sought to be subjected to the plaintiff's claim is *their property*. It is theirs by contract—it is theirs without the statute, and independently of it. Can it be law-

fully taken from them ? *i. e.*, may it be taken from the hands of the owners of the building and appropriated to any one who *claims* a lien, *without any notice* to the contractors, and without *any opportunity* to them to *dispute* the lien or the claimant's right ?   Courts should, I think, be diligent to find, if possible, some other construction more consonant with the obvious principles of justice, before deciding that the statute has this effect ; and I fear that if such diligence fails, and contractors may, by force of the statute, be deprived of the moneys due them, without notice, and without an opportunity to be heard, the statute must, in this respect, be declared void as against common right and constitutional guaranties.

To the satisfactory settlement of the question, then, whether the contractors are necessary parties, it seems to me important to consider, *first*, what is the effect of this proceeding upon the rights of the contractors, as between them and the *owner ;* and *next*, whether, in order to secure that result, they should be made parties to the proceeding ?   For plainly, if the contractors are not affected by the proceeding—if they will have the same right to claim the payment of the contract price to *themselves*, notwithstanding a payment by the owner to the lien holders, in obedience to the judgment, or the right to require the payment from the owner of the full contract price, unless the owner shall be able to show that the judgments recovered against him, under this statute, are for sums *actually due* to the lien holders from the contractors—then it may be unnecessary to the protection of the *contractors* that they should be made parties, since they are not in any manner prejudiced by the judgment.

It is, however, equally apparent, that if the contractors are not thus affected by the judgment, *i. e.*, if the payment by the owner to the lien holders is no protection to *him* against the claims of the contractors, or only a protection when the owner can show affirmatively that the lien holders' claim against the contractors was well founded, and that the contractors had no valid defence thereto, then the interests and the just protection of the *owner* imperatively demand that, if

Sullivan v. Decker.

*possible*, the contractors should be called into court, so as to be bound by the judgment; otherwise the owner is exposed to a double litigation, and is in danger of suffering gross injustice.

I cannot for a moment doubt, that the legislature intended that a payment made to a lien holder by compulsion, under the pressure of proceedings authorized by this statute, should operate as a payment by the owner to the contractors themselves.

The act expressly provides that the owner shall not, in consideration of the liens authorized, be obliged to pay any greater sum for the building than the contract price. He can only be compelled to pay so much as shall be due to the contractors. It is, then, in respect of moneys due by him to the contractors, that the owner is liable to the lien holders *at all*. Clearly, then, his payment in discharge of a lien duly enforced against him, is the application of the money in his hands, and, in theory, the identical money, in discharge of himself, *pro tanto*, from the contractors' claim. In other words, the statute and the foreclosure under it, operate as an assignment to the lien holder of the debt due to the contractors.

But, further, according to the theory of the statute, the owner is compelled to pay the contractors' debt, to save his own property. It is the contractors' *default* which places the owner in this situation, and against this he is entitled to indemnity from the contractors, to the fullest extent. He may be deemed as truly entitled to this protection, as a tenant who, to save his own property from distress, pays the taxes which his landlord was bound to pay; or a grantee of land, who, to save his property from sale or foreclosure, pays taxes, assessments, or mortgages incumbering the estate, at the time of the grantor's conveyance.

If this be so—and I cannot doubt it—the question then arises, shall the owner, after having been compelled to litigate this matter with the lien holder, without *any fault* on his *own part*, be liable to a further litigation with the contractors upon the question, whether the lien holder's claim was well found-

ed? To allow this would be so unreasonable—nay, so unjust and oppressive to the owner, wholly innocent of blame, always ready to pay whatever was due *from himself*, and to pay it to whomsoever it may properly belong—that it seems to me it cannot be supposed that such was the intention of the legislature.

How, then, can such a result be avoided? Obviously, by making the judgment in the proceedings for the foreclosure of the lien *conclusive* upon the *contractors*, and in no other manner; and such was the view taken of this subject by the supreme court, in construing the lien laws of 1830 and 1832, (see *Collins* v. *Ellis*, 21 Wend. 397; *Minor* v. *Hoyt*, 4 Hill, 193,) and by the superior court, in *Monteith* v. *Evans*, 3 Sandf. 65.

How shall these proceedings be made to bind the contractors, and protect the owner from injustice, against which he can otherwise have no adequate security? I answer, by making the contractors parties, *i. e.*, by giving them a legal opportunity to come in and defend the claim.

Under the lien laws of 1830 and 1832, the contractors had such an opportunity. They were notified, and if they neglected to declare their intention to contest the claim, they were concluded; and the only question then was, is the *owner* indebted?

If the contractors did contest the lien holder's demand, that contest was first disposed of. In neither case was the owner put to any hazard by the inquiry, how much is due from the contractors to the claimant? The contractors' rights were deemed protected, by opening to them a full opportunity to come in and contest the claim, before their money could be taken from them, or from the owner who, *pro hac vice*, was deemed their agent or trustee.

The cases above referred to undoubtedly proceed upon this view, and whatever I may think of that provision of the law of 1830, which compelled the contractors to submit to an *arbitration* touching the claimant's right, instead of giving them a trial by jury, or otherwise, according to the course of the

Sullivan v. Decker.

common law, it must suffice to say, that under that law, the contractors had *notice*, and an opportunity to contest the claim.

And by the law of 1844, (§ 10,) the sub-contractor, laborer or material man was required to procure an accounting and settlement, with the contractor, of the amount due to him from the contractor, (either by a writing signed by himself and the contractor, or by a judgment obtained in conformity with the statute,) before he could claim payment from the owner; and if he failed to do this, he lost his lien. This gave the contractor full opportunity to contest the claimant's demand, before his money in the owner's hands could be taken and applied to its payment. And by such proceedings the contractors were properly concluded.

So, under the present law, if the contractors are made parties, they will be concluded by the judgment for every purpose. And I cannot resist the apprehension, that a statute which should deprive the contractors of their money in the owner's hands, without notice, and without any opportunity to be heard in opposition to the demand of the lien holder, would be itself void, unless its administration were committed to the courts, with all proper power to protect the fundamental and constitutional rights of all who are liable to be affected by its provisions.

The inquiry in its simplest form is, can the property of the contractors be taken and appropriated to the demand of the lien holder, without notice to them, and without an opportunity to be heard? The money in the owner's hands, as above remarked, is the contractors' property. Does not the express restriction contained in our constitution, and which is itself a principle as ancient as the great charter of England's freedom, that "no person shall be deprived of property without due process of law," answer the question? The meaning of this restriction, "without due process of law," was defined by Bronson, justice, in *Taylor* v. *Porter*, 4 Hill, 147, to be "without a prosecution or suit instituted and conducted according to the prescribed forms and solemnities for determining the title to property," &c. And see, also, on this subject, and to the like

effect, 2 Kent's Com. 13; 19 Wend. 676; 3 Story on the Constitution, 661, § 1783.

Without pursuing this particular view of the subject, it seems to me, that to make these proceedings effectual to *bind* the contractors, and deprive them of their admitted title to whatever money is due from the owner, they must have legal notice of the proceeding; notice in such a sense as calls upon them, by authority of law, to defend the claim, and opens to them the means of doing so. Whether the provisions of the act of 1830, which compelled the contractors to submit to an arbitration, were sufficient or not, (and notwithstanding the law was acquiesced in for many years, it never appeared to me free from doubt,) *some* notice, and an opportunity to contest the claim, seem to me indispensable; and, as already suggested, I deem the power of the court to add parties ample for this purpose. Although the statute has not *in terms* said that other parties may be brought in, it has committed the conduct of the proceeding to the direction of the court in all cases. Some of them may, and some of them clearly do not require the exercise of such power. And the court having power to add parties *when necessary*, it was not necessary to repeat the authority in this particular statute.

Apart from this doubt of the *validity* of the law, if the contractors may not properly be brought in as parties, the *necessity* of having the contractors and owner *both* before the court, in *order to do justice*, to my mind makes the exercise of the power necessary. The lien holder may claim more than is due to him, and if so, the contractors are interested, and are the *only* persons interested to reduce it. The owner has no interest in that question. The owner may deny that he owes the contractors, and if so, the contractors have even a greater interest than the plaintiff in the determination of *that* question.

It has been suggested that the owner may be regarded as standing in the same situation as a garnishee in the proceeding by foreign attachment, and that in the proceeding against the garnishee, the defendant in the attachment is not a party. Very true, but this furnishes no analogy; for the whole pro-

ceeding by foreign attachment proceeds, *not* upon the ground that such defendant is *not entitled* to be made a party to the proceedings, which take and appropriate his property, but on the express idea, that, although a necessary and proper party, he has *absconded*, or is absent, so that *process will not reach him ;* and the law, therefore, provides the best possible substitute, to the end that justice may not be defeated by his own act.

It has been further suggested, that the owner may give to the contractors *actual notice* of the proceedings, and submit the conduct of the defence, so far as the contractors are separately affected thereby, to their direction. There are several difficulties in the way of this substitute for making them parties.

*1st.* This does not give the contractors a place in court, with a *right* to defend. It gives them no *legal opportunity* to be heard in resistance to the plaintiff's claim ; nor to control the suit, or appeal from the judgment. It affords to them the opportunity to give advice and information, and that is all.

*2d.* The owner is not bound, and cannot be required to commit his own interests to the keeping or conduct of the contractors in the management of the defence ; and,

*3d.* Unless the contractors have the control of the defence, they cannot, in the *owner's* name, protect their own interests, for those interests may, and often will be in direct conflict with those of the owner. For example, suppose the contractors deem the lien holder's (*i. e.*, the plaintiff's) claim against *them* unfounded, and also insist that the owner's (*i. e.*, the defendant's) indebtedness to *them* is wrongfully denied by the defendant, how can they (the contractors) assist either of the parties in maintaining their respective claims ? To secure justice, they would have to assist the plaintiff in showing a balance in the defendant's hands, and then assist the defendant in showing that nothing is due to the plaintiff.

The more my attention is given to this statute, the more I am satisfied that it cannot be rightly administered, where the claim is by a sub-contractor or employee, or vendor of the con-

tractors, but by regarding the foreclosure as *in the nature* of an interpleading suit in equity, in which the presence of all three parties is necessary, in order to do complete justice.

The *Fourth* question suggested by the appeal is : In what mode, and in what stage of the proceedings may application be made to bring in the contractors as parties ?

On first impressions, I was much inclined to sustain the order made at special term, on the ground that the application should not be made until after the defendant had answered, so that the court could see that the issues made between the plaintiff and defendant related to a subject in which the contractors were interested ; but further reflection satisfies me, that although the necessity of having the contractors before the court, may be set up in the answer, and viewed *strictly* as an *objection* to the *plaintiff's proceeding*, it should, in analogy to the former equity practice, be set up by the defendant in his answer or demurrer ; (*a*) yet, there is no sufficient reason why the application may not be made on the appearance of both plaintiff and defendant in court, upon proper notice. And this appears to me to be the most convenient practice. The facts are then all 'before the court, which show the necessity of summoning the contractors. The notice of claim filed with the county clerk, the notice to the owner to appear and submit to an accounting, &c., by which the foreclosure is instituted, and the bill of particulars of the plaintiff's claim, and probably, also, the counter claims set up by the defendant in *his* bill of particulars, all show what relation the contractors bear to the controversy, and that their presence is necessary. In the present case, where the owner set up as a defence, not only a set off, against the contractors, but also a claim against them for damages, this ₐwas especially true; and I think a proper, and indeed, the most appropriate time to make the order to add parties, was before the issues were joined. As a mere rule of practice under the act, this question of time is not very im-

(*a*) See *Foster* v. *Skidmore, post*, p. 719. *Held*, that a demurrer for this cause is not proper.

portant, and any time after appearance, which best expedites the proceeding, would seem to me most suitable. The plaintiff having followed the very letter of the statute, and brought the owner into court, he is in all respects regular. We could hardly sustain a demurrer to the plaintiff's proceedings in this respect, when he has taken the precise steps which the statute prescribes. (*a*) By appearance, the court have obtained jurisdiction, and it may be that the court would require that the order to add parties should always be made on the defendant's motion, for if the defendant do not wish the contractors brought in, there may be no reason why the plaintiff should seek it.

*Lastly.* How, then, shall the parties be brought in?

Upon this subject there can be no difficulty in following in substance the former equity practice. An order being made to add the contractors as parties, they can be summoned to answer the plaintiff's complaint with the other defendant already in court; and, on being served with the order, summons, and complaint, they would be clearly bound to do so, or they could never after complain of any judgment which might be rendered between the claimant and the owner.

These views have brought me to the conclusion that the order at special term must be reversed, so far as it denied the application to add the contractors, Pullis and Brown, as defendants ; and so far as it denied leave to add Bulwinkle, (a prior lien holder,) it should be affirmed.

But for two reasons, viz., *first*, because the questions are new, and involved in much obscurity by the very loose and incomplete provisions of the statute; and *second*, because the appeal is sustained in part, and overruled in part, no costs on on the appeal should be charged upon either party.

DALY, J., concurred in the above.

INGRAHAM, FIRST J., dissenting.—In this case a motion made at special term to bring in other parties as defend-

---

(*a*) See note (*a*) on the preceding page.

ants, was denied. From the order so made, the defendants appeal.

I have not been able to adopt the views of the appellants on this subject; but as my brethren are of the opinion that the contractor is a proper party to be made defendant, it is not necessary for me to discuss the question at length. I shall only briefly state some reasons why I dissent from that conclusion.

1. There is no provision in the act itself for giving any notice to the contractor, either on filing the notice to create the lien, or on serving the notice to bring the lien to a close, for the purpose of making him a co-defendant. On the contrary, the provisions for judgment, in case of the default of the owner, and of proceeding to trial in case of the appearance of the owner, do not contemplate such contractor being a party.

2. Although this is called a proceeding to close a lien, still the statute is positive that it shall be governed and tried in all respects as upon issues joined in civil actions for the recovery of moneys in this court. There is no civil action for the recovery of money merely, in which third persons can be brought in to form distinct issues separate from other defendants, but they are always tried between the parties originally served, except in the case of parties jointly interested or jointly liable.

3. Because the proposed proceeding will greatly embarrass the trial of such cases, and defeat one of the ends contemplated by the legislature, in providing a speedy mode of trial for such claims.

4. Because there is no provision for any judgments to be rendered against a contractor in any such case, nor any mode by which he could be entitled to recover a judgment for his costs, if improperly made a party.

5. Because the validity of the plaintiff's claim can be better tested in an action in which the contractor can be a witness, than one in which he is a party; and in such a case, he can by his testimony more effectually protect the owner, than if he were a party defendant. If the work was not done as

Sullivan v. Decker.

claimed for by the plaintiff, or if the claim has been discharged by payments, those facts, in many cases, can only be proved by the contractor himself; and I can find nothing in any part of the law from which I can infer any intent to make other persons than the owner defendants.

6. The present act differs from the acts of 1830 and 1844, in not providing that the payment by the owner shall be deemed a payment of so much of the debt due by him to the contractor; and it also admits all the proceedings that were required in the former acts, for the purpose of adjusting the claims of the laborer or material man with the contractor, before the plaintiff can recover against the owner. If such omissions render the act unconstitutional, I do not consider the court bound by a species of legislation to adopt proceedings not contemplated by the act; it would be better to sustain the constitutionality of the law, by throwing upon the owner the obligation of guaranteeing all debts of his contractor in regard to his building, without reference to the state of the accounts between the owner and contractor, and leaving the owner afterwards to recover the same from the contractor in another form of action.

The difficulty under consideration was long since foreseen, and the subject was twice brought to the notice of the legislature, and in both cases an amendment of the law failed. Until that body shall provide the proper remedy, it appears to me that this court can only administer the law as they find it, and that we have no power to convert a civil action for the recovery of money, into an action for the foreclosure of a mortgage, and at the same time for the settlement of accounts between the laborer and contractor.

It may well be that the law does not give adequate protection to the owner. It certainly does not, if it makes him liable for more than he has agreed to pay to his contractor, or if a recovery against him for a debt which his contractor owes, cannot be deemed a payment by him to his contractor. Still the same answer returns, that the remedy is with the legislature and not with the court.

NOTE.—The order at special term was reversed, so far as it denied the application to add the contractors, Pullis and Brown, as defendants; and so far as it denied leave to add a prior lien holder, Bulwinkle, it was affirmed. No costs of the appeal allowed to either party.